Michael Haynes, Executive Director Kansas Real Estate Appraisal Board 820 S.E. Quincy, Suite 314 Topeka, Kansas 66612-1158
Dear Mr. Haynes:
As Executive Director of the Kansas Real Estate Appraisal Board, you ask about the "legal exposure status" of the Board's contract appraisal reviewers. In effect, your question is whether the Board's contract appraisal reviewers are covered by the Kansas Tort Claims Act.[1]
We understand that appraisal reviewers are utilized by the Board in two capacities: (1) to review real property appraisal reports that an applicant submits with his application for licensure or certification as a real property appraiser; and (2) to review real property appraisal reports when a complaint is lodged against a licensed or certified real property appraiser about an appraisal report. In both situations, an appraisal report is mailed to an appraisal reviewer who independently assesses the appraisal report in light of the Uniform Standards of Professional Appraisal Practice (USPAP) and forms a professional opinion regarding the appraisal report's compliance with those standards. In performing the review, the appraisal reviewer is guided by Standard 3 of USPAP:
 "In reviewing an appraisal and reporting the results of that review, an appraiser must form an opinion as to the adequacy and appropriateness of the report being reviewed and must clearly disclose the nature of the review process undertaken."[2]
Specifically, when assessing an appraisal report, the review appraiser must identify pertinent information and form an opinion regarding completeness in relation to USPAP standards, the apparent adequacy and relevance of the data, the propriety of any adjustments to the data, the appropriateness of the appraisal methods and techniques used, and whether the analyses, opinions, and conclusions in the report under review are appropriate and reasonable.[3] The specific methodology and the subsequent written report submitted to the Board are formatted and designed by the reviewer.
In the application situation, based on a review that concludes substantial non-compliance with USPAP, the Board typically denies the license or certificate application. In the complaint situation, based on a review that concludes substantial non-compliance with USPAP, formal disciplinary action is initiated; a finding of non-compliance with USPAP by a Board hearing panel typically results in disciplinary sanctions against the appraiser. In either situation, the contract reviewer may serve in the role of expert witness at an administrative hearing. Contract reviewers are paid an hourly rate to review appraisal reports, to prepare for hearing and to testify at the hearing.
The Tort Claims Act generally establishes governmental liability for the negligent or wrongful acts or omissions of governmentalemployees acting within the scope of their employment under the same circumstances that a private person would be liable.[4]
Ordinarily, a private employer is not held vicariously liable for the negligence or wrongful acts of an independent contractor it hires.[5] In case of a lawsuit against the Board, and upon sufficient request, the Tort Claims Act provides for representation by the Attorney General's office and payment of any ensuing settlement or judgment for any damages caused by a negligent or wrongful act or omission of any Board employee while acting within the scope of employment.[6] The underlying issue presented, therefore, is whether the appraisal reviewers are employees of the Board, or whether they are instead independent contractors.
"Employee" is defined in the Act as any person "acting on behalf of or in the service of a governmental entity, in any official capacity, whether with or without compensation," but (except for some not applicable specified exemptions) does not include an independent contractor.[7]
An independent contract is one who, in exercising an independent employment, contracts to do certain work according to his or her own methods without being subject to the control of the employer, except as to the results or product of his or her work. The primary test used by the courts to determine whether the employer-employee relationship exists is whether the employer has the right of control and supervision over the work of the alleged employee, and the right to direct the manner in which the work is to be performed, as well as the result which is to be accomplished. It is not the actual interference or exercise of the control by the employer, but the existence of the right or authority to interfere or control, which renders one an employee rather than an independent contractor.[8] There is no absolute rule for determining whether an individual is acting as an employee or an independent contractor; the determination is made on a case-by-case basis taking all the circumstances into consideration.[9]
In the situation presented, the Board contracts with a review appraiser to evaluate an appraisal report using specified guidelines (USPAP) but according to the reviewer's own methods. The reviewer performs this task independently, not subject to the control or supervision by the Board, other than Board expectation that the reviewer prepare a final written assessment of an appraisal report. The Board's reason for contracting with a review appraiser appears to be the procurement of an objective, independent evaluation of an appraisal report in relation to an application or a complaint. We thus conclude that appraisers who contract with the Kansas Real Estate Appraisal Board to review appraisal reports in relation to licensure or certification applications and in relation to complaints against licensed or certified appraisers serve in the capacity of independent contractors and not as employees of the Board. Consequently, such review appraisers do not come within the protection provided to agency employees pursuant to the Tort Claims Act.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Camille Nohe Assistant Attorney General
CJS:JLM:CN:jm
[1] K.S.A. 75-6101 et seq.
[2] USPAP, Standard 3.
[3] USPAP, Standards Rule 3-1.
[4] K.S.A. 75-6103(a).
[5] Mitzner v. State Department of SRS, 257 Kan. 258, 261
(1995).
[6] K.S.A. 75-6108; 75-6117.
[7] K.S.A. 75-6102(d). Bonewell v. City of Derby,236 Kan. 589 (1985); Mitzner v. State Department of SRS, supra.
[8] Mitzner, supra.
[9] Wallis v. Secretary of the Kansas Department of HumanResources, 236 Kan. 97 (1984).